UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

*Sealed*
*Public and unofficial staff access to this instrument are prohibited by court order.*

| | |
|---|---|
| UNITED STATES OF AMERICA § | CRIM. NO. 15-cr-346S |
| § | |
| VS. § | |
| § | |
| JERMAINE DOLEMAN (5), § | |
| Defendant § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Suzanne Bradley, Special Assistant United States Attorney, and Defendant Jermaine Doleman, and Defendant's counsel, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.  Defendant agrees to plead guilty to Count 1 and Count 7 of the Superseding Indictment. Count 1 charges Defendant with conspiracy to commit health care fraud, in violation of Title 18, United States Code, §§1349 and 1347. Count 7 charges Defendant with health care fraud, in violation of Title 18, United States Code, § 1347. Defendant, by entering this plea, agrees that he is waiving

1

any right to have the facts that the law makes essential to the punishment either charged in the Superseding Indictment or proven to a jury or judge beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of both Title 18, United States Code, § 1349 and § 1347, is a term of imprisonment of not more than 10 years and a fine of not more than $250,000, or twice the pecuniary gain or loss pursuant to 18, United States Code, section 3571(d), whichever is greater. Additionally, Defendant may receive a term of supervised release after imprisonment of up to 3 years for both charges. Title 18, United States Code, §§ 3559(a) and 3583(b). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, United States Code, §§ 3559(a) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of two hundred dollars ($200.00), representing a $100 per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4. If Defendant is not a citizen of the United States, a plea of guilty may result in deportation, removal, and/or exclusion from admission to the United States, or the denial of naturalization. A plea of guilty may also result in Defendant being permanently barred from legally entering the United States after being deported, removed, and/or excluded. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Cooperation

5. The parties understand this Agreement carries the potential for a motion for departure under § 5K1.1 of the United States Sentencing Guidelines.

Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to § 5K1.1 of the <u>Sentencing Guidelines</u>. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in paragraphs 22-34 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that the usage "fully cooperate," as used herein, includes providing all information relating to any criminal activity known to Defendant, including, but not limited to, health care fraud. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

    (a) Defendant agrees that this Plea Agreement binds only the United States Attorney for the Southern District of Texas and Defendant, and that it does not bind any other United States Attorney or other component or unit of the Department of Justice;

    (b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his

Fifth Amendment privilege against self-incrimination for the purpose of this Agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made by Defendant to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation.

(f) Should the recommended departure, <u>if any</u>, not meet Defendant's expectations, Defendant understands he remains bound by the terms of this Agreement and that he cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal

7. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not

waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that he may have received from his counsel, the United States, or the Probation Office, is a prediction, not a promise, and such estimate **did not induce his guilty plea** and is binding on neither the United States, the Probation Office, nor the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

## The United States' Agreements

10. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count 1 and Count 7 of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss the original indictment and remaining counts in the Superseding Indictment in *United States v. Yepremian, et al.*, H-cr-15-346s, against the Defendant at the time of sentencing;

(b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment under § 3E1.1(a) of the Sentencing Guidelines should Defendant accept responsibility as contemplated by the Sentencing Guidelines (U.S.S.G.);

(c) If Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will move for an additional one (1)-level downward adjustment based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense;

(d) The Defendant and the United States agree to recommend to the Court that the intended loss amount under §2B1.1(b)(1)(H) of the United States Sentencing Guidelines is $25,940.88; and

(e) The Defendant and the United States agree to recommend to the Court that the restitution amount to Medicare is $25,506.95.

7

## Agreement Binding - Southern District of Texas Only

11. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the original indictment and the Superseding Indictment. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

## United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   (d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a); and

   (e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13. Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States Code, § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offenses to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Rights at Trial

14. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this

Agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

 (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

 (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

 (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he *is* guilty of the charges contained in Count 1 and Count 7 of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt with respect to the conspiracy and health care fraud, charged in the instant case:

16. Defendant Yepremian, beginning in 2006, opened a series of clinics in

Houston and Conroe, and a Houston lab. These clinics and lab billed for medically unnecessary diagnostic tests and blood work on Medicare and Medicaid patients. The lab was called Empire Clinical Laboratory, Inc.; the clinics were called Crawford Medical Services, Inc.; Arca Medical Clinic, Inc.; Care Family Practice, Inc.; and Mid-City Healthcare. All were located in Houston, Texas, except for Arca which began in Conroe, Texas and was later moved to Houston.

17. Defendant Yepremian actively sought out and worked with many so called "marketers," including Defendant Jermaine Doleman. Yepremian would pay marketers, including Defendant Doleman, to bring Medicare and Medicaid patients to Defendant Yepremian's clinics and lab for medically unnecessary testing. Defendant Doleman would in turn pay the patients for allowing Defendant Yepremian to bill their personal Medicare and Medicaid numbers. Sometimes, Defendant Yepremian paid the patients directly.

18. Defendant Yepremian told the marketers, including Doleman, which of the Medicare and Medicaid patients qualified for the medically unnecessary diagnostic testing and bloodwork. The patients could be brought to the clinics only if they did not have recent, similar billing, and did not have HMO-type coverage. Doleman knew the patients did not need this diagnostic testing and blood work, and that Yepremian's billing was fraudulent.

19. Defendant Doleman received cash and checks from Defendant Yepremian to bring Medicare and Medicaid patients to Defendant Yepremian's various clinics and Empire lab. Defendant Yepremian paid Defendant Doleman at least $2,450 in kickbacks, as shown by checks drawn on the Arca Medical Services Bank of America account (x2657).

20. Doleman brought many patients to Yepremian's clinics and lab to be billed upon, including but not limited to patients C.M., L.A., R.W. and O.O., Jr., who are listed in the superseding indictment. At the various clinics, sign-in sheets were kept that indicated which patient was brought by a specific marketer, including Doleman, in order to avoid disputes among the marketers over which patient belonged to which marketer. Many of the sign-in sheets noted the name "Jermaine" as the marketer.

## Breach of Plea Agreement

21. If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States

may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

## Restitution, Forfeiture, and Fines

22. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would affect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

23. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.

Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

24. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks, which have custody of his assets to deliver all funds and records of such assets to the United States.

25. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

26. Defendant agrees to pay full restitution of at least $25,506.95, for losses to the victims of the conspiracy, regardless of the counts of conviction. Defendant stipulates and agrees that as a result of his criminal conduct Medicare paid approximately $25,506.95, for fraudulent claims.

27. Defendant understands and has been advised that without his agreement and consent, a district court's restitution award generally can encompass only those losses that resulted directly from the offense for which the defendant was convicted, including harm resulting from the entire charged conspiracy or scheme. However, Defendant specifically agrees as a part of this Plea Agreement that the Court may include restitution arising from all his relevant conduct, not limited to that arising from the offense of conviction alone, and including the charged conspiracy.

28. The Defendant further understands and agrees that the restitution amount for the conspiracy may be ordered to be joint and several with his codefendants in the superseding indictment. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately, and that Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture and Money Judgment

29. Defendant stipulates and agrees that the factual basis for his guilty plea supports the forfeiture of at least $25,506.95, against him and in favor of the United States, and Defendant agrees to the imposition of a personal money judgment for that amount against him and in favor of the United States of America. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists. Defendant agrees to forfeit any of his property, or his interest in property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied.

30. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

31. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

32. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

33. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

34. This written Plea Agreement, consisting of 20 pages, including the attached addendum of Defendant and his attorney, constitutes the complete Plea Agreement between the United States, Defendant, and his counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

35. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at __Houston__, Texas, on __Feb 12__, 2016.

_____
Defendant

Subscribed and sworn to before me on __Feb 12__, 2016.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
United States Attorney

By: _____          _____
Suzanne Bradley                                    Lance Hamm
Special Assistant U.S. Attorney           Defense Counsel

18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § CRIM. NO. 15-cr-346S |
| VS. | § |
| JERMAINE DOLEMAN (5), Defendant | § |

## PLEA AGREEMENT – ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____   Date: 2/12/16
Lance Hamm
Attorney for Defendant

19

I have consulted with my attorney and fully understand all my rights with respect to the Superseding Indictment pending against me.  My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case.  I have read and carefully reviewed every part of this Plea Agreement with my attorney.  I understand this Agreement and I voluntarily agree to its terms.

_____          Date: __2-12-16__
Jermaine Doleman